**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:12-cv-00463-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| $15,000 IN UNITED STATES CURRENCY, | |
| Defendant. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

After a thorough review, the court recommends that Thomas E. Slack's (Slack) claim (Doc. # 7)[1] and answer (Doc. # 8) filed in this action be stricken, and that a default judgment of forfeiture be entered against the defendant currency and in favor of the United States of America (United States).

///

///

///

---

[1] Refers to court's docket number.

1

# I. BACKGROUND

**A. The Complaint**

The United States filed its complaint for forfeiture in rem on August 29, 2012, with respect to $15,000 which was seized on March 3, 2012, from the vehicle being driven by Todd Leslie (Leslie). (Doc. # 1.) The property was subject to administrative summary forfeiture proceedings, but a claim was filed by Slack on June 11, 2012, claiming ownership of the currency.

The complaint alleges that on March 3, 2012, Leslie was driving a blue 2006 Nissan pick-up truck in Elko County, Nevada. Leslie was the registered owner of the vehicle. (*Id*.) Slack was a passenger in the vehicle. The vehicle was stopped by a Nevada Highway Patrol (NHP) officer. The two men were questioned by the NHP officer. The questioning ultimately led to the issuance of a search warrant which resulted in the seizure of cash which was alleged to be proceeds traceable to the exchange of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et. seq.*, and subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). Following discovery of the currency, Slack completed a seizure questionnaire indicating that he was the owner of $15,000 of the currency.

**B. Order for Summons and Warrant of Arrest for In Rem Property and Notice to Claimants**

An order for summons and warrant of arrest of the property and notice was issued by the court on September 10, 2012. (Doc. # 3.) The order provided that all persons claiming an interest in the property must file a verified claim pursuant to Rule G(5) of the Supplemental Rules for Certain Admiralty Claims and Asset Forfeiture Actions, and 18 U.S.C. § 983(a)(4)(A). This instructed any claimant to file an answer or motion under Rule 12 responding to the United

States' complaint not later than twenty days after the date of the filing of the claim. (*Id*.) The order and notice were served on both Leslie and Slack. (Doc. # 5.)

**C. Slack's Claim & Answer**

On November 14, 2012, Slack, through attorney Tammy M. Riggs, filed a claim of ownership in the property. (Doc. # 7.)

On November 19, 2012, again through counsel, Slack filed an answer. (Doc. # 8.) The answer admits as well as denies portions of the complaint. (*Id*.) In addition, it asserts the following affirmative defenses: (1) the complaint fails to state a claim upon which relief may be granted; (2) the property at issue as neither the proceeds of nor gained in a transaction involving any violation of 21 U.S.C. § 801, *et. seq*.; and (3) the property was illegally seized in violation of the Fourth Amendment of the United States Constitution, and Article I, Section 18 of the Nevada Constitution.

**D. Attorney Withdraws**

On March 20, 2013, Slack's attorney, Ms. Riggs, filed a motion to withdraw. (Doc. # 9.) According to Ms. Riggs, after she attempted to communicate with her client regarding responding to discovery propounded by the United States, he broke off all communication. (*Id*.) Her request was granted on March, 21, 2013. (Doc. # 11.)

**E. United States' Motion to Compel**

On March 20, 2013, the United States filed a motion to compel responses to interrogatories and the production of documents to which Slack had failed to respond. (Doc. # 10.) Slack did not file a response to the motion. (*See* Doc. # 13.)

On April 15, 2013, the court granted the United States' motion to compel. (Doc. # 14.) The court advised Slack that if he failed to respond to the outstanding discovery on or before

3

April 30, 2013, the court may enter a recommendation for sanctions, including that Slack's failure to respond be treated as contempt of court and/or that his claim be dismissed. (*Id*.)

**F. United States' Motion to Strike Claim/Answer and To Enter Default Judgment of Forfeiture**

Slack failed to respond to the United States' discovery, in contravention of the court's April 15, 2013 order; therefore, the United States now moves to strike Slack's claim and answer and requests that default judgment of forfeiture be entered against the defendant currency. (Doc. # 17.) Slack did not respond to the United States' motion. (*See* Doc. # 18.)

**G. Order to Show Cause**

On January 30, 2014, the court issued an order directing Slack to show cause on or before February 14, 2014, why the relief sought by the United States should not be granted. (Doc. # 19.) Slack was advised that absent adequate explanation for his failure to respond to discovery, the court's orders, and the United States' motion, the court would enter a report and recommendation directing that Slack's claim and answer be stricken and that a default judgment of forfeiture against the defendant currency be entered in favor of the United States. (*Id*.)

Slack failed to respond to the order to show cause. (*See* Doc. # 20.) Thus, the court issues this report and recommendation that Slack's claim and answer be stricken and that a default judgment of forfeiture against the defendant currency be entered in favor of the United States.

## II. LEGAL STANDARD

When a party fails to comply with a court order to respond to discovery, the court may "issue further just orders" that include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

4

       (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
       (iii) striking pleadings in whole or in part;
       (iv) staying further proceedings until the order is obeyed;
       (v) dismissing the action or proceeding in whole or in part;
       (vi) rendering a default judgment against the disobedient party; or
       (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b); *see also* Fed. R. Civ. P. 37(d)(3) (providing that sanctions for failing to serve answers to interrogatories or respond to a request for inspection includes those listed in 37(b)(2)(A)(i)-(vi), and providing that the court may require the party to pay the reasonable expenses, including attorney's fees caused by the failure to obey the order). Thus, Rule 37 provides the court with broad discretion to "impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus.*, 709 F.3d 585, 589 (9th Cir. 1983).

       When considering whether to enter terminal sanctions, such as dismissal or the entry of default judgment, courts must consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). Where terminal sanctions are imposed, the court's "range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (internal quotation marks omitted).

### **III. DISCUSSION**

       In this case, while Slack initially communicated with his lawyer regarding his discovery obligations, once she sent him the documents and asked for a prompt response, she received no

further communication. As a result, his attorney filed a motion to withdraw, to which Slack did not respond. The United States was forced to file a motion to compel. Slack similarly failed to respond to the motion to compel. The court then issued an order giving Slack a chance to comply by providing discovery responses by a certain date. Slack was warned that if he continued to ignore his discovery obligations, it might result in a recommendation for sanctions, including finding him in contempt and/or dismissal of his claim. Slack persisted in his failure to respond, and did not serve discovery responses by the court-ordered deadline.

The United States then filed the instant motion seeking an order striking Slack's claim and answer and entering default judgment against the defendant currency. The court gave Slack yet another opportunity to explain his failure to comply with his discovery obligations and the court's order when it issued the order to show cause. No response to the order to show cause was forthcoming. The court will now consider the factors

**1. Expeditious Resolution of Litigation**

First, the public has an interest in the expeditious resolution of litigation. "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).

This action was filed on August 20, 2012. It is now February 2014. The public's interest would not be served if the court allowed this matter to languish while Slack continually ignores his obligations.

///

///

### 2. Court's Need to Manage Its Docket

Second, the court's need to manage its docket weighs in favor of entry of terminal sanctions. It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citation omitted).

Slack has demonstrated an inability to comply with deadlines, discovery obligations, and court orders. This necessitates the filing of motions by the United States seeking his compliance, which takes the court away from more pressing matters.

### 3. Risk of Prejudice to the United States

Third, Slack's persistent failure to respond to discovery as well as the court's orders would result in obvious prejudice to the United States if the court were to allow this action to continue. *See Adriana*, 913 F.3d at 1412 (finding that repeated failure of party to appear at scheduled depositions and repeated refusal to comply with court-ordered production of documents was sufficient prejudice). "A [party] suffers prejudice if the [other party's] actions impair the [party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Id*. (citation omitted). "Delay alone has been held to be insufficient prejudice...[however;] [f]ailure to produce documents as ordered...is considered sufficient prejudice." *Id*.

Here, Slack has delayed this matter and has failed to produce court ordered documents and interrogatory responses. Thus, the United States would be sufficiently prejudiced in its efforts to take this matter to trial.

///

///

///

7

### 4. Public Policy Favoring Disposition of Cases on Their Merits

Fourth, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted).

The court acknowledges the public policy favoring the disposition of cases on their merits; however, in light of Slack's apparent inability to proceed with his claim, it is not clear that this matter would ever be disposed of on the merits if the court allowed it to continue.

### 5. Less Drastic Sanctions

In evaluating the final factor, courts are supposed to discuss (1) the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate; (2) whether it could implement alternative sanctions before ordering dismissal; and (3) whether it warned the party of the possibility of dismissal before actually ordering dismissal. *Id*. at 1412-1413 (citation omitted).

The court does not perceive any other less drastic sanction would be effective given Slack's failure to comply with the court's order compelling discovery or the order to show cause. While the court could direct that designated facts be taken as established, that would ultimately have the same effect of dismissal, but would take additional time. The sanction of prohibiting Slack from supporting or opposing claims or defenses or from introducing evidence would not be effective because Slack has repeatedly failed to respond to *any* court filing since his attorney was permitted to withdraw. For this same reason, staying proceedings until the order was obeyed would be futile.

The court advised Slack that it would consider a variety of sanctions if he failed to comply with the court's order, including finding him in contempt. Slack never complied with the

court's order and failed to respond to the order to show cause. Therefore, the court had no means to effectively implement any lesser sanction.

Finally, Slack was warned of the possibility of terminal sanctions in the court's order granting the United States' motion to compel, in the United States' motion for the entry of terminating sanctions, and in the order to show cause.

### 6. Willfulness, bad faith or fault

As indicated above, when the court seeks to enter terminal sanctions such as default judgment, there must be a finding that the party subject to the sanction acted with willfulness, bad faith or fault. *See, Computer Task Group, Inc.*, 346 F.3d at 1115.

"'Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith or fault.'" *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994)); *see also U.S. v. American Black Bears*, 244 Fed.Appx. 828, 830 (9th Cir. 2007). In this case, Slack has failed to respond to motions filed by the United States, the order compelling him to respond to discovery, and the order to show cause. There is no indication that the disobedient conduct is outside his control; therefore, the court can conclude his action is willful.

### 7. Conclusion

In sum, the court finds it appropriate to strike Slack's claim (Doc. # 7) and answer (Doc. # 8) and to enter default judgment against defendant currency and in favor of the United States.

///

///

///

///

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **STRIKING** Slack's claim (Doc. # 7);

(2) **STRIKING** Slack's answer (Doc. # 8); and

(3) Entering **DEFAULT JUDGMENT** against defendant $15,000 in United States Currency and in favor of the United States.

The parties should be aware of the following:

1.  That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: February 21, 2014.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**